## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHERINE WILL,[1]

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
DC-0752-13-4673-I-1

DATE: March 20, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Katherine Will, Virginia Beach, Virginia, pro se.

Brenda Vosguanian, Esquire, and Jacquelyn Wright, Esquire, Port
Hueneme, California, for the agency.

Mary Sullo, Norfolk, Virginia, for the agency.

Tracey Rockenbach, Esquire, Washington Navy Yard, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this case was part of a consolidation, *NAVFAC MIDLANT II v. Department of the Navy*, MSPB Docket No. DC-0752-14-0793-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly modified by this Final Order to consider the appellant's reply to the agency's close of record submission, we AFFIRM the initial decision.

**BACKGROUND**

¶2        The agency furloughed the appellant from her position as an Attorney in the agency's Office of the Executive Officer Counsel for 48 hours based on "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources caused by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012.  Initial Appeal File (IAF), Tab 1 at 7-15, Tab 3 at 4.  The appellant filed an appeal challenging the furlough action, which the Board consolidated with the appeals of

similarly-situated employees.  IAF, Tab 1; MSPB Docket No. DC-0752-14-0477-I-1, Consolidated Appeal File (CAF), Tab 5 at 4-6, 37.

¶3      During the course of the appeal, the administrative judge removed the appellant from the consolidation and adjudicated her appeal separately.  IAF, Tab 10, Initial Decision (ID) at 2 n.2.  Because the appellant did not request a hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision based on the written record, affirming the furlough action, ID at 2, 11.  He found that the furlough action promoted the efficiency of the service and that the agency used fair and even criteria in structuring the furlough.  ID at 10.  He also found that the appellant failed to prove her affirmative defense.  ID at 7-10; IAF, Tab 3 at 4.

¶4      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition for review, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      On review, the appellant claims that the agency submitted a new argument in its close of record submission and that, pursuant to the administrative judge's close of record order and 5 C.F.R. § 1201.58(c), she was entitled to provide a reply.  PFR File, Tab 1 at 4-5, Tab 4 at 4-6; IAF, Tab 6.  She claims, however, that the administrative judge issued an initial decision in the matter only 1 business day after the close of the record and before she had a reasonable opportunity to file a reply.  PFR File, Tab 1 at 4.  She therefore asks the Board to withdraw the initial decision and reopen the record for consideration of her reply. *Id.*  Although we do not agree with the appellant's contention that the agency's close of record submission contained a "new argument" such that she was entitled to a rebuttal under 5 C.F.R. § 1201.58(c)(2), we nevertheless have considered her reply, which she submitted as an attachment to her petition for review.  PFR File, Tab 1 at 7-10.

¶6        In her reply to the agency's close of record submission and in her petition for review, the appellant argues that the "agency" in this appeal should be defined as DOD, and not the Department of the Navy (Navy), in analyzing the efficiency of the service standard. *Id.* at 4-10.  She argues, consequently, that DOD failed to prove that the furlough promoted the efficiency of the service because the Navy failed to submit evidence in this appeal that DOD applied the furlough in a fair and even manner. *Id.*  The appellant claims, for instance, that the exception from the furlough of tornado victims employed by the Department of the Air Force (Air Force) was improper and proves that the furlough was not implemented fairly across the entirety of DOD. *Id.* at 8-10.  In the alternative, the appellant argues that, should the "agency" in this appeal be defined as the Navy, it cannot satisfy the efficiency of the service standard because the record establishes that the Navy had adequate funding to avoid furloughing its employees. *Id.* at 9-10.  For the reasons set forth below, we find the appellant's arguments unavailing.[3]

¶7        The Board has jurisdiction over an appealable action taken by an "agency." *See* 5 U.S.C. §§ 7513(a), (d), 7701(a).  Here, contrary to the appellant's assertion, the furlough action was taken by her employing agency—the Navy.  IAF, Tab 1 at 1, 7-8, 10-13; *see Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 10 (2014); *see also Aguzie v. Office of Personnel Management*, 116 M.S.P.R. 64, ¶ 11 n.5 (2011) (finding, in the context of 5 U.S.C. § 7513(a), that the term "agency" means the employing agency).  The issue, therefore, is whether the Navy proved that the furlough promoted the efficiency of the service. *See Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 14 (2014).

¶8        An agency satisfies the efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that it applied its determination as to which employees to furlough in a "fair and even manner." *Lopez v. Department of the*

---

[3]  The appellant does not challenge, and we discern no basis to disturb, the administrative judge's finding that she failed to prove her affirmative defense.

*Navy*, [121 M.S.P.R. 647](#), ¶ 15 (2014).  A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently.  *Id.*  This does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity.  *Id.*  Rather, it means that the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons.  *Id.*

¶9 Here, we find ample support in the record that the furlough was a reasonable management solution to the financial restrictions placed on the Navy by DOD and that the Navy applied its determination as to which employees to furlough in a fair and even manner.  CAF, Tab 6 (Declaration of the deciding official); Department of the Navy Administrative Record for FY 2013 Furlough Appeals, available at http://www.mspb.gov/furloughappeals/navy2013.htm (last visited March 2, 2015), Tab 1 at 1-11 (Declaration of the Under Secretary of Defense), Tab 2 at 12-18 (Declaration of the Principal Deputy Assistant Secretary of the Navy), Tab 12 at 105-07 (May 14, 2013 Memorandum from the Secretary of Defense).  Because the Navy took the furlough action, it is not obligated, as the appellant alleges, to show that the furlough was applied in a fair and even manner across the entire DOD.  PFR File, Tab 1 at 4-10, Tab 4 at 8-17; *see Kelly*, [121 M.S.P.R. 408](#), ¶ 14 (finding that the issue is whether the agency that took the furlough action proved that the furlough promoted the efficiency of the service, not whether the government as a whole met that requirement).  Therefore, the appellant's argument concerning the exception from the furlough of tornado victims employed by the Air Force is not relevant to her appeal.

¶10 Concerning the appellant's alternate argument that the Navy had adequate funding to avoid furloughing its employees, the Board has found that it was reasonable for DOD to consider its budget situation holistically, rather than isolating each military department's situation, in making its furlough decisions.  *Yee*, [121 M.S.P.R. 686](#), ¶ 14.  Accordingly, we find that the Navy has satisfied the efficiency of the service standard and we affirm the furlough action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____

William D. Spencer
Clerk of the Board

Washington, D.C.